■ STEVE MURPHY et al., Respondents, v AMERICAN AIRLINES, INC., Defendant, and V.R.H. CONSTRUCTION CORP., Appellant and Third-Party Plaintiff-Appellant. EBNER WOODWORKING COMPANY, Third-Party Defendant-Respondent. [715 NYS2d 62] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 30, 1999, which, to the extent appealed from as limited by the brief, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and denied defendant V.R.H. Construction Corp.'s cross motion for summary judgment dismissing the complaint for plaintiff's failure to demonstrate the applicability of Labor Law § 240 (1), § 241 (6) and § 200, unanimously modified, on the law, to grant the cross motion of defendant V.R.H. Construction Corp. insofar as to dismiss plaintiff's claims pursuant to Labor Law § 241 (6), and otherwise affirmed, without costs.

Plaintiff, an employee of third-party defendant Ebner Woodworking Company, was injured while working on the construction of the Admirals Club located in the American Airlines terminal at John F. Kennedy Airport, when a gang box, which he and a co-worker were sliding down an internal staircase, slid into plaintiff. Hoists constructed by Ebner, that had been used to transport gang boxes to the job site, were dismantled at the direction of American Airlines near completion of the project, but prior to plaintiff's accident. After plaintiff was specifically prohibited from removing the remaining gang boxes and other materials from the job site by elevator, plaintiff removed the gang boxes from the work site by transporting them manually down six flights of stairs, and, as noted, in the course of so doing was injured.

We hold that plaintiff's injuries were attributable to activity implicating the extraordinary elevation-related risks that Labor Law § 240 (1) was intended to obviate, and that the grant of partial summary judgment upon plaintiff's Labor Law § 240 (1) claim was proper.

However, the motion court should have granted that part of

V.R.H.'s cross motion seeking dismissal of plaintiff's Labor Law § 241 (6) cause of action. Plaintiff's reliance upon 12 NYCRR 23-1.7 (f) and 23-7.3 (a) in support of his section 241 (6) cause of action is misplaced since the cited Industrial Code sections have no application to the facts at bar. Plaintiff was not injured as a result of a defect in the staircase or debris left thereon in violation of 12 NYCRR 23-1.7 (f), and it is clear that American's elevator was not in fact utilized as a hoist and, accordingly, that there was no violation of 12 NYCRR 23-7.3 (a).

Plaintiff has also presented a viable claim under Labor Law § 200. Testimony elicited during the parties' depositions indicates that a scaffold was constructed by V.R.H.; that V.R.H. thereafter permitted Ebner to construct a hoist upon the scaffold to transport materials from the ground floor to the Admirals Club, and that two gang boxes were, in fact, delivered in this manner; that V.R.H. removed the scaffolding and ordered Ebner to remove the hoist prior to completion of the project; and that after reiterating American's policy that no materials or workers were to be transported by elevator, V.R.H. did not provide any interior winches or hoists for use in the stairwell. In light of this testimony, there are material issues of fact as to whether V.R.H.'s actions were a substantial factor in determining the method by which plaintiff removed the gang boxes, and ultimately in causing plaintiff's alleged injuries. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.