■ Charles Shipkoski, Appellant, v Watch Case Factory Associates, Respondent. [741 NYS2d 55] —In an action to re-

cover damages for personal injuries, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 23, 2000, as denied his motion for summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant, which is the owner of the subject vacant building, hired a contractor, among other things, to board up broken windows. The plaintiff, who was hired by the contractor, allegedly was injured when, as he was walking on the deteriorated third floor measuring windows for the installation of plywood, the floor gave way and he fell through. The Supreme Court denied his motion for summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1), finding that section to be inapplicable. We affirm, although for a reason different from that of the Supreme Court. We find that there are issues of fact as to whether Labor Law § 240 (1) is applicable.

Labor Law § 240 (1) was enacted "in recognition of the exceptionally dangerous conditions posed by elevation differentials at work sites" (*Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 491). Furthermore, Labor Law § 240 (1) requires the use of the types of protective devices enumerated therein to prevent injuries arising from either "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see Melo v Consolidated Edison Co. of N.Y.,* 92 NY2d 909; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501). There must be a foreseeable risk of injury from an elevation-related hazard to impose liability under the statute, as "[d]efendants are liable for all normal and foreseeable consequences of their acts" (*Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562). Thus, to establish a prima facie case pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that the risk of injury from an elevation-related hazard was foreseeable, and that an absent or defective protective device of the type enumerated in the statute was a proximate cause of the injuries alleged (*see Felker v Corning, Inc.,* 90 NY2d 219; *Misseritti v Mark IV Constr. Co., supra*). A plaintiff "need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable" (*Gordon v*

*Eastern Ry. Supply, supra* at 562). Thus, for example, Labor Law § 240 (1) has been held applicable to a worker's fall through a roof where the defendant, although aware that sections of the roof were structurally unsound, failed to provide any protective devices (*see Taylor v V.A.W. of Am.,* 276 AD2d 621). Similarly, liability was imposed for injuries arising from a collapsed floor where the floor, although permanent, was being repaired and strengthened, and the work was ongoing at the time of the collapse (*see Richardson v Matarese,* 206 AD2d 353).

Here, there are issues of fact as to whether the building was in such an advanced state of disrepair and decay from neglect, vandalism, and the elements that the plaintiff's work on the third floor exposed him to a foreseeable risk of injury from an elevation-related hazard, and whether the absence of a type of protective device enumerated under Labor Law § 240 (1) was a proximate cause of his injuries (*see Gold v NAB Constr. Corp.,* 288 AD2d 434; *Norton v Park Plaza Owners Corp.,* 263 AD2d 531; *Avelino v 26 R.R. Ave.,* 252 AD2d 912). Accordingly, the plaintiff's motion was properly denied. Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.