[869 NYS2d 395]

Luis Espinosa, Appellant, v Azure Holdings II, LP, et al., Defendants, and Pyrgos Construction et al., Respondents. (And a Third-Party Action.)

First Department, December 4, 2008

APPEARANCES OF COUNSEL

*Gorayeb & Associates, P.C.*, New York City (*John M. Shaw* of counsel), for appellant.

*Armenakis & Armenakis*, New York City (*Amy D. Carlin* and *James J. Armenakis* of counsel), for Pyrgos Construction, respondent.

*Carol R. Finocchio*, New York City, and *Law Office of Thomas K. Moore*, White Plains (*Marie R. Hodukavich* of counsel), for Strategic Construction Corp., respondent.

## OPINION OF THE COURT

FRIEDMAN, J.

Plaintiff, a worker on a gut rehabilitation project, was injured when the sidewalk on which he was standing collapsed due to the failure of the cellar vault below it. On this appeal, plaintiff argues that he should have been granted summary judgment as

to liability on his Labor Law § 240 (1) cause of action based on this incident, while defendants argue that the IAS court correctly granted them summary judgment dismissing that claim. Also at issue on this appeal is the IAS court's grant of summary judgment dismissing plaintiff's causes of action under Labor Law § 241 (6), § 200, and common-law negligence.

Consistent with this Court's recent decision in *Jones v 414 Equities LLC* (57 AD3d 65 [2008]), we hold that neither side is entitled to summary judgment on the section 240 (1) claim, as the record gives rise to a triable issue as to whether the failure of the cellar vault beneath the sidewalk—a completed, permanent building structure—was reasonably foreseeable. We also hold that summary disposition of the section 200 and common-law negligence claims was inappropriate, as the record does not establish as a matter of law that defendants either had or did not have notice of the risk of the cellar vault's collapse. We affirm, however, the dismissal of plaintiff's claim under Labor Law § 241 (6).

On the day of the accident, plaintiff, an employee of the project's demolition sub-subcontractor, third-party defendant Avian Construction Corp., was instructed to straighten out the metal debris containers that were placed on the concrete sidewalk outside the building referred to in the record as "building number two" (hereinafter, building no. 2). As plaintiff stepped onto the sidewalk, it collapsed beneath him into building no. 2's cellar vault. Demetre Beryeles, a principal of the project's subcontractor, defendant Pyrgos Construction Corp. (which hired Avian, plaintiff's employer), testified that a postaccident inspection revealed that there had been a failure of the horizontal steel support beam that held up the sidewalk slab situated over the cellar vault. According to Beryeles, the steel support apparently had been weakened by corrosion.

The evidence shows that no pre-accident signs of a dangerous condition were visible on the surface of the portion of the sidewalk that collapsed. Plaintiff testified that he never noticed any "holes or cracks" in the cement of that area of the sidewalk, although he walked over it about 20 times. Beryeles testified, without contradiction, that "the concrete on the top of the vault looked not really bad," and that he received "the impression that that sidewalk was good" from the fact that the City of New York had installed a sidewalk bridge there a "few years earlier." Beryeles further testified that, in building no. 2, neither the horizontal steel support for the sidewalk (which collapsed) nor

the ceiling of the cellar vault was inspected before the accident occurred. Neither was there any testimony that any pre-accident circumstances or complaints gave an indication of unsoundness in the horizontal steel support in the cellar vault of building no. 2 or any of the other four buildings involved in the project.

As to the general condition of the five buildings, it is undisputed that they were all in advanced stages of internal disrepair and were undergoing a gut rehabilitation. John J. Frezza, a principal of the general contractor, defendant and third-party plaintiff Strategic Construction Corp. (which hired Pyrgos), testified that he inspected the buildings before work began, and saw that "[t]hey were in a pretty bad state of disrepair, they were unoccupiable." With regard to building no. 2 in particular, Frezza testified that the building was in a state of "interior collapse," meaning that the interior floor beams, the "core" of the building, had fallen through. According to Frezza, "you could look [into the building] through the first floor window and see the sky."

After discovery, defendants moved and cross-moved for summary judgment dismissing the complaint and all cross claims, and plaintiff cross-moved for partial summary judgment as to liability on his cause of action under Labor Law § 240 (1). The IAS court denied plaintiff's cross motion and granted defendants' motion and cross motions, resulting in dismissal of the complaint. This appeal by plaintiff ensued.

■ Turning first to the causes of action under Labor Law § 200 and common-law negligence, we conclude that building no. 2 had reached such an extreme stage of obvious deterioration—essentially, it was no more than a shell around a collapsed interior—that a jury could rationally find that defendants (all of which knew of the interior collapse) had constructive notice of the possibility of the unsoundness of any structural element of the building, including the horizontal steel support in the cellar vault ceiling. Under these circumstances, such constructive notice could rationally be found to exist even in the absence of any observable sign that the sidewalk and its underlying support were unsound. Still, because the sidewalk (which, as indicated, was in good condition) and its underlying support were not part of the building's interior, we cannot say that the record establishes as a matter of law that defendants had constructive notice of the dangerous condition that resulted in the accident. Hence, the question of constructive notice should be resolved by a trier of fact. Given the existence of a triable issue as to

constructive notice of the dangerous condition that caused the accident, it follows that neither side was entitled to summary judgment on the causes of action under Labor Law § 200 and common-law negligence.*

■ As to the cause of action under Labor Law § 240 (1), that statute does not create an exception to the fundamental principle of tort law that "a defendant is liable only for the 'normal and foreseeable consequences' of its acts" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [2007], *lv denied* 10 NY3d 710 [2008], quoting *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]). Accordingly, "the determination of the type of protective device required for a particular job [and thus whether section 240 (1) is implicated] turns on the foreseeable risks of harm presented by the nature of the work being performed" (*Buckley*, 44 AD3d at 268).

Consistent with the principle that liability under Labor Law § 240 (1) arises only where "the risk of injury from an elevation-related hazard was foreseeable" (*Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 587, 588 [2002]), this Court recently held, in *Jones v 414 Equities LLC* (*supra*), that, to prevail on a section 240 (1) claim based on an injury resulting from the failure of a completed and permanent building structure (in that case, the collapse of a floor), the plaintiff must show that the failure of the structure in question "was a foreseeable risk of the task he was performing" (57 AD3d at 80), creating a need for protective devices of the kind enumerated in the statute. As noted in *Jones*, there is prior case law to that effect (*see Balladares v Southgate Owners Corp.*, 40 AD3d 667, 669-670 [2007] [section 240 (1) claim based on collapse of basement floor dismissed]; *Shipkoski*, 292 AD2d at 589 [plaintiff denied summary judgment on section 240 (1) claim arising from collapse of third floor of vacant building]). These decisions are consistent with the Court of Appeals' construction of "the 'braces' referred to

---

* It should be noted that, since the accident was caused by a dangerous condition of the premises, rather than by the work methods used, plaintiff need not establish that the defendant owners exercised supervision and control over his work in order to prevail against those defendants on his claim under Labor Law § 200 (*see Griffin v New York City Tr. Auth.*, 16 AD3d 202, 202-203 [2005]; *Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]; *Roppolo v Mitsubishi Motor Sales of Am.*, 278 AD2d 149, 150 [2000]). With respect to the defendant general contractor (Strategic) and the defendant subcontractor (Pyrgos), a triable issue exists on this record as to whether these defendants exercised sufficient supervision and control over the work to support a finding of liability under section 200 against them.

in section 240 (1) to mean those used to support elevated work sites not braces designed to shore up or lend support to *a completed structure*" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995] [emphasis added]).

In *Balladares v Southgate Owners Corp.* (40 AD3d at 669), the plaintiff, while working on a demolition project in a basement, was injured when "the basement floor that he was standing on collapsed, causing him to fall into a hole." The Second Department held that the defendants were entitled to summary judgment dismissing the section 240 (1) claim because they "establish[ed] that the collapse of the basement floor was not a risk that gave rise to the need for the enumerated safety devices, but was, rather, a separate, unrelated hazard" (*id.* at 669). The Court continued:

> "Although injury resulting from the collapse of a floor may give rise to liability under Labor Law § 240 (1) *where the circumstances are such that there is a foreseeable need for safety devices*, the plaintiff failed, in opposition [to defendants' summary judgment motion], to raise a triable issue of fact in this regard" (*id.* at 669-670 [emphasis added and citations omitted]).

In *Shipkoski v Watch Case Factory Assoc.* (*supra*), the plaintiff's employer had contracted to board up broken windows in a vacant building. The plaintiff "allegedly was injured when, as he was walking on the deteriorated third floor measuring windows for the installation of plywood, the floor gave way and he fell through" (292 AD2d at 588). The Second Department affirmed the denial of the plaintiff's motion for summary judgment on his section 240 (1) claim on the ground that there were "issues of fact as to whether Labor Law § 240 (1) is applicable" (*id.*). The Court explained:

> "Here, there are issues of fact as to whether the building was in such an advanced state of disrepair and decay from neglect, vandalism, and the elements that the plaintiff's work on the third floor exposed him to a foreseeable risk of injury from an elevation-related hazard, and whether the absence of a type of protective device enumerated under Labor Law § 240 (1) was a proximate cause of his injuries" (*id.* at 589).

*Balladares* and *Shipkoski*, like this Court's decision in *Jones*, illustrate that, where an injury results from the failure of a

completed and permanent structure within a building—even a building undergoing demolition (as in *Balladares*) or one in a dilapidated condition (as in *Shipkoski*)—a necessary element of a cause of action under Labor Law § 240 (1) is a showing that there was a foreseeable need for a protective device of the kind enumerated by the statute. Thus, in *Balladares*, where the plaintiff failed to show that there was any reason to anticipate a collapse of the basement floor, the section 240 (1) claim was dismissed. In *Shipkoski*, by contrast, where the building was in a state of disrepair, that condition was sufficient to raise a triable issue as to whether the plaintiff's work "exposed him to a foreseeable risk of injury from an elevation-related hazard" (292 AD2d at 589) but was not sufficient to entitle the plaintiff to judgment on the section 240 (1) claim as a matter of law. Here, as in *Shipkoski*, the evidence of building no. 2's advanced state of disrepair raises a triable issue as to whether the structural failure that caused the sidewalk to collapse was foreseeable but does not establish the foreseeability of the collapse as a matter of law (*see also Jones*, 57 AD3d at 80 [plaintiff was correctly denied summary judgment on his section 240 (1) claim because he "failed to make a prima facie showing that the collapse of the floor was a foreseeable risk of the task he was performing"]). Hence, neither side is entitled to summary judgment on the section 240 (1) cause of action, and that claim should proceed to trial.

The IAS court correctly granted defendants summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, inasmuch as each of the Industrial Code provisions on which plaintiff relies was either inapplicable to this case or not sufficiently specific to support a statutory violation under the circumstances (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]).

Finally, because we are reinstating certain of plaintiff's claims, we necessarily reinstate the cross claims and the third-party complaint. The IAS court denied as moot all portions of defendants' cross motions relating to indemnification and should now have an opportunity to consider those issues.

Accordingly, the order of Supreme Court, Bronx County (Nelson S. Roman, J.), entered October 5, 2006, which, insofar as appealed from, denied plaintiff's cross motion for partial summary judgment as to liability on his cause of action under Labor Law § 240 (1), granted defendants' motion and cross motions for summary judgment dismissing the complaint and all cross

claims, and dismissed the third-party complaint, should be modified, on the law, to the extent of denying defendants summary judgment dismissing the causes of action under Labor Law § 240 (1), § 200, and common-law negligence, such causes of action reinstated, all cross claims and the third-party complaint reinstated, and otherwise affirmed, without costs.

LIPPMAN, P.J., CATTERSON and MOSKOWITZ, JJ., concur.

Order, Supreme Court, Bronx County, entered October 5, 2006, modified, on the law, to the extent of denying defendants summary judgment dismissing the causes of action under Labor Law § 240 (1), § 200, and common-law negligence, such causes of action reinstated, all cross claims and the third-party complaint reinstated, and otherwise affirmed, without costs.