■ Christian Vasquez, Respondent-Appellant, v Urbahn Associates Inc., Defendant, and Great American Contracting Corp. et al., Appellants-Respondents. (And a Third-Party Action.) [918 NYS2d 1]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 6, 2009, which granted the motion of defendants Great American Contracting Corp. and Home Again in Harlem LLC for summary judgment dismissing the complaint only insofar as it sought to dismiss the Labor Law § 241 (6) cause of action, and granted plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, modified, on the law, the cross motion denied, the motion denied as to the Labor Law § 241 (6) cause of action, and, upon a search of the record, plaintiff granted summary judgment on the issue of liability on his Labor Law § 241 (6) cause of action insofar as it is premised upon a violation of Industrial Code (12 NYCRR) § 23-3.3 (c), and otherwise affirmed, without costs.

12 NYCRR 23-1.7 (f) imposes a duty upon a defendant to provide a safe staircase, free of defects (*Murphy v American Airlines*, 277 AD2d 25, 26 [2000] [defendant granted seeking summary judgment on plaintiff's Labor Law § 241 (6) claim based upon a violation of 12 NYCRR 23-1.7 (f) when plaintiff was not injured as a result of a *defect* in the staircase or debris left thereon]; *see also McGarry v CVP 1 LLC*, 55 AD3d 441, 442 [2008]). The conflicting evidence as to whether the stairs were defective raises a question of fact with respect to whether 12 NYCRR 23-1.7 (f) was violated by the defendants. Summary resolution of this issue is thus precluded.

However, it is clear, upon a search of the record, that defendants violated 12 NYCRR 23-3.3 (c) and plaintiff is entitled to summary judgment to the extent that this section of the Industrial Code serves as a predicate for his Labor Law § 241 (6) claim (*see Cardenas v One State St., LLC*, 68 AD3d 436, 438 [2009]; *Gawel v Consolidated Edison Co. of N.Y.*, 237 AD2d 138, 138 [1997]). 12 NYCRR 23-3.3 (c) mandates "continuing inspections . . . by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material" and is explicitly aimed at preventing persons from working "where such hazards exist until protection has been provided by shoring, bracing or other effective means." Defendants failed to demonstrate that the mandated inspections were conducted, since their evidence on this issue consisted solely of an affidavit by the general contractor's project manager, which was at odds with her deposition testimony. When the project manager was deposed, she recalled very little about the project or the accident, continually offering responses such as "I don't know," or "I don't recall." Specifically, she did not recall how often she visited the building, when or even whether she visited the building during the demolition phase, whether an engineering survey was performed before the demolition began, whether she ever met with any engineers in connection with the project, what type of flooring was in place, whether she observed any rotting floors or missing sections of flooring, whether there were any vertical columns supporting the building, whether she prepared any inspection reports regarding the building's interior, whether there was a safety plan or any meetings or discussions regarding safety, and whether regular inspections were conducted. Miraculously, in her affidavit, proffered in support of defendants' motion for summary judgment and prepared a year after her deposition, the project manager recalled conducting walk-through inspections of the building on a regular basis, such that she was now able to establish defendants' compliance with 12 NYCRR 23-3.3 (c). Clearly, her affidavit was tailored to support defendants' motion for summary judgment and to oppose plaintiff's cross motion seeking the same relief. Under these circumstances, the affidavit cannot be accorded any weight and fails to raise an issue of fact (*see Lupinsky v Windham Constr. Corp*, 293 AD2d 317, 318 [2002]; *Joe v Orbit Indus.*, 269 AD2d 121, 122 [2000]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Since, as indicated above, plaintiff's evidence established that no such inspections were conducted, plaintiff is entitled to summary judgment on the issue of liability under Labor Law § 241 (6) predicated upon a violation of 12 NYCRR 23-3.3 (c).

As to the Labor Law § 200 and the common-law negligence causes of action, liability generally lies if a defendant created the dangerous condition alleged or had prior notice of the same (*Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]; *Paladino v Society of N.Y. Hosp.*, 307 AD2d 343, 345 [2003]). Since there exists an issue of fact as to whether these defendants had prior notice that the stairs were defective and thus a question as to whether it was foreseeable that they could fail or collapse, summary judgment in defendants' favor and with respect to plaintiff's common law negligence and Labor Law § 200 claim was properly denied.

Whether the collapse or failure of a permanent structure gives rise to liability under Labor Law § 240 (1) turns on whether "the risk of injury from an elevation-related hazard [is] foreseeable" (*Jones v 414 Equities LLC*, 57 AD3d 65, 75 [2008]; *see also Espinosa v Azure Holdings II, LP*, 58 AD3d 287, 291 [2008]). While plaintiff testified that the building in which he was injured was in a dilapidated condition before the commencement of the demolition work and that the stairs which collapsed, causing his accident, were "old" and "all like destroyed," Segundo Maldonado, president of the company which employed plaintiff, testified that the stairs were "solid" and "in good condition" prior to plaintiff's accident. Accordingly, a question of fact exists as to whether the collapse of the permanent stairs was foreseeable. This material issue of fact thus precludes summary judgment on plaintiff's claim pursuant to Labor Law § 240 (1).

The dissent takes the untenable position that in denying plaintiff's cross motion for summary judgment on his claim pursuant to Labor Law § 240 (1), we continue to require a statutorily unsupported foreseeability element. Not only is the dissent's position unsupported by this court's well reasoned precedent (*see Jones v 414 Equities LLC*, 57 AD3d at 75; *Espinosa v Azure Holdings II, LP*, 58 AD3d 287, 291 [2008]), but by precedent in the Second Department (*Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 587, 589 [2002]), and the Court of Appeals (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993] ["(t)o establish a prima facie case (of a violation of Labor Law § 240 [1]) plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that *the risk of some injury from defendants' conduct was foreseeable*" (emphasis added)]). While it is true that Labor Law § 240 (1) fails to mention any foreseeability requirement as a predicate to its violation, a foreseeability requirement must necessarily be

imputed as to every claim pursuant thereto, when as here, the claim is premised on a collapsing permanent structure. Labor Law § 240 (1) applies when there is an inherent risk in the task being performed "because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Thus, "[t]he contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*id.* at 514). Since permanent structures, such as the stairs here, are normally not expected to collapse or fail, work being performed thereon, much like work performed at ground level and not involving the hoisting or securing of materials, does not usually expose a worker to a gravity-related hazard. Accordingly, only if a defendant has reason to foresee that the permanent structure is likely to collapse, does it then have to comply with the mandates of Labor Law § 240 (1) by providing the safety devices enumerated therein. To hold otherwise, as proposed by the dissent, nonsensically imposes liability upon a defendant when the work being performed does not expose a worker, at the outset, to a gravity related hazard; the hallmark of liability under Labor Law § 240 (1).

*Zimmer v Chemung County Performing Arts* (65 NY2d 513 [1985]) does not alter our holding because it fails to address the pertinent issue. Of course it is true, as the court held in *Zimmer*, that when safety devices are required pursuant to Labor Law § 240 (1), circumstantial reasonableness plays no role in the analysis related to the failure to provide such devices (65 NY2d at 523). However, the issue here is not whether defendants acted reasonably in failing to provide safety devices when the circumstances so warranted, but rather whether it was foreseeable that the work being performed exposed plaintiff to a gravity-related hazard such that safety devices should have been provided in the first place.

The dissent's second position, while sound public policy, is both legally and factually untenable. While as a policy matter, a defendant who takes a head-in-the-sand approach should not be rewarded for such gross neglect, we find no support for the dissent's imputation of foreseeability *solely* because a defendant takes no steps which would enable him or her to foresee that an accident is likely. Foreseeability is "[t]he risk reasonably to be perceived . . . ; it is risk to another or to others within the

range of apprehension" (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928]). Assuming, arguendo, that the defendants here took no steps to ascertain the condition of the building wherein plaintiff worked, we nonetheless disagree that this, by itself, leads to a finding of foreseeability as a matter of law since in such case, albeit through their own neglect, and barring other avenues of notice, defendants would have had no reason to perceive or apprehend prior to the accident that the stairs were in a condition such that they were likely to collapse. A review of the record further weakens the dissent's position, since while defendants may not have undertaken inspections to the extent urged by the dissent, or to the extent necessary to satisfy the "continuing inspections" requirement promulgated by 12 NYCRR 23-3.3 (c), defendants did in fact inspect the premises prior to plaintiff's accident, including the stairs and beams supporting them, thereafter concluding that they were sound. Based on this record, whether this accident was foreseeable so as to require defendants to provide the safety devices mandated by Labor Law § 240 (1) is a question of fact. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J.P., McGuire, and Román, JJ.

Acosta and Freedman, JJ., dissent in part in a memorandum by Acosta, J., as follows: Because I believe that the majority is reading into Labor Law § 240 (1) an element that is found nowhere in the statute, I respectfully dissent, and would grant plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1). The majority's position is that a plaintiff bears the burden of demonstrating that a particular injury was foreseeable. In so ruling, the majority misreads the Court of Appeals holding in *Gordon v Eastern Ry. Supply* (82 NY2d 555 [1993]). In *Gordon,* the Court of Appeals explicitly held that a "plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from *defendant's conduct* was foreseeable" (*id.* at 562 [emphasis added]). Thus, the statute imposes no requirement that a particular accident be foreseeable, as urged by the majority. It is enough that given the inherently dangerous conditions of work sites, it is foreseeable that an owner or contractor's failure to provide safety devices to workers, as here, may create an injury. Significantly, the plaintiff in *Gordon* was not injured as a result of hitting the ground when he fell off his ladder, but rather because he lost control of a sandblaster which, due to a defective trigger, continuously sprayed plaintiff with sand. According to the defendant in *Gordon,* the injury

was unforeseeable. Although the plaintiff was provided with a ladder, the Court held that defendants could not avoid liability under Labor Law § 240 (1) since the core objective of the statute was not met—namely, preventing plaintiff from falling. Since defendants in *Gordon* failed to provide the proper safety devices to the plaintiff, it was of no moment that the *exact* injury suffered by plaintiff was not foreseeable. The injury, the Court held, "was a foreseeable result of [performing covered activity] from an elevated position" (*id.* at 562).[1] The breach of the statute by defendants was sufficient to find liability. Under the majority's rationale, plaintiff's section 240 (1) claim in *Gordon* would have been dismissed.

The plain language of Labor Law § 240 (1) mandates that in the demolition of a *"structure,"* contractors and owners *"shall* furnish" safety devices to workers (emphasis added). Nowhere is there a requirement that owners and contractors have to supply safety devices only when they divine there is a foreseeable risk of injury in a particular task because of the employee's relative elevation. Nor, as the majority urges, is there a distinction in the statute between a permanent structure and a temporary structure.

The majority heavily relies on *Jones v 414 Equities LLC* (57 AD3d 65 [2008]) wherein this Court held that a plaintiff who was engaged in a protected activity (demolition work) at the time of his accident was not entitled to judgment as a matter of law where he failed to demonstrate that the collapse of the floor on which he was standing was foreseeable. I concurred with the majority opinion in *Jones*. However, upon a closer examination of the statute and in the absence of any Court of Appeals case directly on point, I now believe that a better approach would be to not read into the statute a foreseeability requirement, lest we encourage contractors, as here, to take a head-in-the-sand approach to their statutory obligations.

Moreover, given the dangerous conditions of construction and demolition sites, imposing a foreseeability requirement may result in unnecessary and preventable injuries to workers. Placing on plaintiffs the burden to demonstrate a particular accident was foreseeable disturbs the balance struck by the Legislature between employee safety and employer cost in promulgating this absolute liability statute. It is hardly within

---

1.   The Court noted that "[a]n independent intervening act may constitute a superceding cause, and be sufficient to relieve a defendant of liability, if it is of such an extraordinary nature or so attenuated from the defendants' conduct that responsibility for the injury should not reasonably be attributed to them" (*id.* at 562). But, that is not the case here.

the ambit of this Court's majority to change this very important legislative choice.

Indeed, reading such a requirement into the statute goes directly against the legislative intent. For instance, the sponsors of the 1969 amendments to the Labor Law made it absolutely clear that "[t]he Labor Law was enacted for the *sole* purpose of protecting workmen" (Mem of Sen Calandra and Assemblyman Amann, 1969 NY Legis Ann, at 407 [emphasis added]). The Court of Appeals has recognized this legislative intent of placing ultimate responsibility for safety on owners and general contractors, rather than workers who "are scarcely in a position to protect themselves from accident" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985] [citation omitted]).

The Court of Appeals has also held that "this statute is one for the protection of workmen from injury and undoubtedly is to be construed as *liberally* as may be for the accomplishment of the purpose for which it was thus framed" (*id.* at 520-521) [emphasis added]). Reading into the statute a foreseeability requirement would, therefore, not only limit the scope of the statute and go against Court of Appeals guidance on the issue, but also fly in the face of the statute's legislative intent, which primarily is to ensure the safety of workers, not to limit contractor liability to accidents that are foreseeable.[2]

In any event, were foreseeability a required element, I would nevertheless find that plaintiff has demonstrated that he is entitled to summary judgment on his Labor Law § 240 (1) claim. This case is clearly distinguishable from *Jones v 414 Equities LLC* (57 AD3d 65 [2008]), on which the majority relies. In *Jones,* the building's permanent wooden floors were not to be removed during the renovation of the building. In the present case the flooring of the entire building was to be removed as part of the renovation. Jackhammers were employed, and renovation necessitated making holes in the side walls to loosen and remove beams, which clearly compromised the integrity of the floors.

Moreover, unlike the building in *Jones,* the building here had a hole in the roof, thus exposing the floors to the elements. The building had been abandoned by the City since 1974, until it was purchased by the owner from the City in 2003 in "as is"

---

**2.** This risk is evidenced in another case relied on by the majority, *Espinosa v Azure Holdings II, LP* (58 AD3d 287 [2008]). There, a construction worker on a rehabilitation project sustained injuries when the sidewalk he was standing on collapsed into the cellar vault below. This Court held that summary judgment on Labor Law § 240 (1) was not warranted inasmuch as there was an issue as to whether the collapse was foreseeable. The injury, I believe, may have been prevented were the statute strictly adhered to.

condition for $1. Thus, the building sat for three decades with no maintenance whatsoever. There is no indication that this was the case in *Jones*. Given all these factors, I believe it is glaringly evident that the type of accident that occurred was indeed foreseeable.

Most troubling to me, however, is the fact that the general contractor and the owner took a head-in-the-sand approach to their safety obligations, and now cavalierly claim that the accident was not foreseeable. There is no indication whatsoever that the general contractor or owner took any reasonable step to ensure the safety of their workers.

For instance, the principal of the entity hired by the general contractor to perform the demolition and debris removal work testified that there was no engineering survey performed by a qualified structural engineer before the work began. This survey is essential to determine the stability of the interior and the risk of an unplanned collapse. He further testified that he never saw any inspection reports from any inspections of the flooring, that there was no safety officer, and he was not aware of any safety meetings having been held with employees. Significantly, he testified that the structural integrity of the floors was checked by merely walking on them.

Plaintiff's expert affidavit, on the other hand, made clear that proper inspection and safety procedures for a construction project of this magnitude were not in place, and that, to the extent that any inspections were performed at all, they were not done by a professional structural engineer qualified to evaluate the changing structural conditions of the building. It is thus clear that defendants did not even take minimal precautions at the work site. I do not believe that defendants' failure to ensure their workers' safety should now allow them to claim the accident was not foreseeable. This Court should be cautious in making Labor Law § 240 (1) claims contingent on foreseeability lest employers ignore the safety of their workers behind the shield of foreseeability. Preventive measures in line with the spirit of Labor Law § 240 (1) will undoubtedly prevent certain injuries, and employers would be wise to protect their workers rather than expend resources on unnecessary litigation.

The majority's position that an owner or contractor can completely ignore any safety hazards in a work site completely obfuscates the purpose of the "extreme protection" afforded by the statute, and defies logic. If the majority's reasoning is accepted, no matter how obvious a condition may be, if an owner or contractor simply asserts that it did not know of the condition because it took no preventive measure whatsoever, it will

be insulated from liability. Such reasoning turns the Labor Law completely on its head.

The majority cites to the universally recognized *Palsgraf* case to define foreseeability as "[t]he risk reasonably to be *perceived* . . . ; it is risk to another or to others within the range of *apprehension*" (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928] [emphasis added]). Yet, in the same breath the majority urges that through "neglect" a defendant will have no obligation to perceive a dangerous situation. I do not believe Judge Cardozo meant to define reasonableness as looking the other way. The majority's conclusion here is that whether this accident was foreseeable is a question of fact. However, this question would have to be resolved by determining whether defendants knew or should have known of a dangerous condition had they taken *reasonable* steps. Unfortunately, based on the majority's logic, whether defendants should have known of the perilous condition is irrelevant, inasmuch as the majority makes clear that "albeit through their own neglect . . . defendants would have had no reason to perceive or apprehend that prior to the accident the stairs were in a condition such that they were likely to collapse."

Furthermore, such a position is completely at odds with Court of Appeals precedent. In *Zimmer v Chemung County Performing Arts* (65 NY2d 513 [1985]), the Court of Appeals explicitly recognized that Labor Law § 240 (1) has an unvarying standard and "[t]he question of . . . circumstantial reasonableness is therefore irrelevant under subdivision 1 of section 240" (*id.* at 523 [citation omitted]). *Zimmer* is perfectly in line with *Gordon v Eastern Ry. Supply* (82 NY2d 555 [1993]), to which the majority cites for the proposition that "[t]o establish a prima facie case plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from defendants' *conduct* was foreseeable" (*id.* at 562 [emphasis added]). Here the actionable *conduct* of defendants was failing to provide plaintiff with appropriate safety devices (*see Zimmer*, 65 NY2d at 522 ["a violation of section 240 [1] . . . creates absolute liability. The failure to provide such safety devices is such a violation"]). Plaintiff has undeniably made out his prima facie case in that he was working in a construction site and was injured as a result of an elevation related risk. Defendants, in my view, have utterly failed to demonstrate that plaintiff was afforded appropriate safety devices. It is simply incongruent for the majority to cite to *Gordon* to support its holding that defendants here are not liable under Labor

Law § 240 (1). In *Gordon*, the plaintiff was at least provided a ladder, which, albeit, proved inadequate.

The majority also astonishingly holds that inasmuch as permanent structures are not "normally" expected to collapse, defendants are not required to comply with the strict requirements of the statute. This position is a slippery slope that defeats the clear legislative intent to protect workers. Moreover, the grafting of a foreseeability element into section 240 (1) permits these blanket statements that a permanent structure of defendant's own choosing is not normally expected to collapse or fail even when, as here, it does. Given the majority's holding, it is difficult to fathom the need for Labor Law § 240 (1) since the elevated risk element of the statute is eliminated simply by defendant's claim that although plaintiff's injury was the result of gravity, the occurrence was not "normal" and therefore the defendant had no duty to protect its workers. Accidents are occurrences that by definition happen outside the "norm."

Permanent structures, like temporary structures, are bound to collapse depending on *the nature of the work* being done on the structure. Thus, as here, if the permanent structure has been abandoned for three decades, and exposed to the elements, and the supporting beams of the floors were loosened, the requirement of proper safety devices is based not on some intangible element of foreseeability, but rather on the nature of the work (i.e., elevation-related construction).

As a final matter, the majority's flawed logic is further highlighted when in addressing plaintiff's Labor Law § 241 (6) claim, it chooses to discredit the project manager's affidavit as tailored to support defendant's summary judgment motion and to oppose plaintiff's cross motion. However, to buttress its position that there is a question of fact as to foreseeability, the majority incredibly asserts that the project manager's later claim that the premises were inspected should be considered.