Plaintiffs established, prima facie, that the partial building collapse that severely injured both of them and killed a coworker was foreseeable, and that defendants owner and general contractor were on notice of the hazard. Since defendants, in opposi *495 tion, failed to raise a triable issue of fact as to the foresseability of the building collapse, plaintiffs are entitled to partial summary judgment on their section 240 (1) claim.
Section 240 (1) should be “construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985] [internal quotation marks omitted]), since the statute was intended to place “ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor” (Senate and Assembly Introducers’ Mem, L 1969, ch 1108, 1969 NY Legis Ann at 407). It is elementary, of course, that comparative negligence is not a defense to an action predicated on section 240 (1). A plaintiff in a case involving collapse of a permanent structure must establish that the collapse was “foreseeable,” not in a strict negligence sense, but in the sense of foreseeability of exposure to an elevation-related risk (Jones v 414 Equities LLC, 57 AD3d 65 [1st Dept 2008]; Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1, 10-11 [1st Dept 2011]).
The evidence submitted on the motion establishes, prima facie, that the partial collapse of the building, including the stairwell and floor joists in the area from the second through fifth floors, was foreseeable. The architect’s field report dated December 19, 2006, seven days prior to the accident, noted “[cjonditions appear to be unsafe and the building is completely open to the elements. G.C. to make safe and shore as required.” A New York City building violation issued the date of the accident described the conditions as “hazardous,” and cited a “[flailure to carry out demolition operations in safe and proper manner.” The violation noted that the removal of interior bearing and non-bearing partitions throughout had caused the floor joists to collapse from the top of the building to ground level at the center,” and ordered that all work be stopped.
Plaintiffs’ expert engineer noted that one week prior to the accident a number of timber joists (i.e., structural floor elements) located along the length of the staircase were observed to be severely sagging as much as two feet, and opined that “[t]he magnitude of this downward deflection is an indication of their poor, deteriorated and dangerous condition which indicates a loss of structural integrity.” Plaintiffs’ expert noted that the joists, which were not shored or posted in any manner, were “clearly visible,” providing notice of an “imminent danger” “forshadow[ing] the collapse.” Plaintiffs’ expert opined that the removal of weight-bearing walls, combined with the approximate 100-year age of the building and its timber joists, was a substantial and proximate cause of the foreseeable collapse.
*496 The evidence upon which defendants rely in opposition to the 240 (1) claims fails to raise a triable issue of fact. The “building demolition survey” was prepared five months prior to plaintiffs’ accident, before demolition had even begun, and thus does not speak to the condition of the building’s interior once demolition was underway.
Vasquez v Urbahn Assoc. Inc. (79 AD3d 493 [1st Dept 2010]), in which we held that the evidence presented a triable issue of fact as to whether the collapse of permanent stairs was foreseeable, does not dictate a different result. In Vasquez, there was conflicting testimony as to whether certain stairs were “old and destroyed,” or in good condition prior to the plaintiffs accident. Here, defendants present no evidence concerning the condition of the building in the months preceding the collapse. The “building demolition survey” undertaken prior to the commencement of demolition does not suffice to raise a triable issue of fact where the record establishes that unsound demolition practices, including the removal of weight-bearing walls, had compromised the integrity of the floors and “foreshadowed” the collapse. Similarly, the fact that plaintiffs failed to complain about the condition of the staircase does not speak to the general integrity of the structure. It should be noted that Vasquez involved not the foreseeability of a partial building collapse comprising several floors, but rather, the foreseeability of a particular staircase collapsing.
Issues of fact preclude summary judgment on plaintiffs’ common-law negligence and section 200 claims.
The record presents issues of fact precluding summary resolution of plaintiffs Labor Law § 241 (6) claim based on an alleged violation of 12 NYCRR 23-1.7 CD (see Vasquez, 79 AD3d at 493, citing Murphy v American Airlines, 277 AD2d 25, 26 [2000]), since it is unclear whether it was the staircase or the surrounding framing that was defective. Questions of fact also exist concerning whether defendants violated 12 NYCRR 23-3.3 (b) (1) and (c), since there is conflicting evidence regarding how demolition operations were performed, and whether defendants made continuing inspections during the demolition. Concur— Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.