| |
|---|
| **Crotty v City of New York** |
| 2024 NY Slip Op 31735(U) |
| May 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151467/2016 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: | HON. LYLE E. FRANK |
| | *Justice* |

-------------------------------------------------------------------------------X

WILLIAM CROTTY,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY DEPT.
OF PARKS AND RECREATION, TRINITY BUILDING AND
CONSTRUCTION MANAGEMENT CORP.,

Defendant.

-------------------------------------------------------------------------------X

TRINITY BUILDING AND CONSTRUCTION MANAGEMENT
CORP.

Plaintiff,

-against-

HAYWARD BAKER, INC., KINGS CAPITAL CONSTRUCTION
GROUP, INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 151467/2016 |
| MOTION DATE | 03/31/2023, 04/03/2023, 04/04/2023 |
| MOTION SEQ. NO. | 009 010 011 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595258/2016

The following e-filed documents, listed by NYSCEF document number (Motion 009) 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 376, 389, 392, 396, 426

were read on this motion to/for _____DISMISSAL_____.

The following e-filed documents, listed by NYSCEF document number (Motion 010) 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 377, 390, 393, 397, 423, 425, 427, 430

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

The following e-filed documents, listed by NYSCEF document number (Motion 011) 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 378, 382, 383, 384, 385, 386, 387, 388, 394, 398, 399, 401, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 428, 431

were read on this motion to/for _____DISMISSAL_____.

Background

151467/2016  CROTTY, WILLIAM vs. CITY OF NEW YORK
Motion No.  009 010 011

Page 1 of 9

This action arises from an incident that occurred on January 5, 2015, at Madison Square Park, New York, NY. The incident occurred during construction involving the demolition of a Shake Shack and buildout for a new building. The location was owned by Defendant The City of New York ("The City") and licensed to Custard's First Stand d/b/a Shake Shack ("Shake Shack") pursuant to a licensing agreement. Defendant/third-party plaintiff Trinity Building and Construction Management Corp. ("Trinity") was retained by Shake Shack as the construction manager and general contractor. Trinity retained third-party defendant Kings Capital Construction Group, Inc. ("Kings") to perform excavation work. Kings retained third-party defendant Hayward Baker Inc. ("Hayward") to perform drilling and pile installation on the project site.

Plaintiff was an employee of Hayward. On the incident date, Kevin Hawkins, also an employee of Hayward, was operating a drill-rig on the project site. Plaintiff, as foreman, was responsible for directing Hawkins in navigating the drill-rig. While directing Hawkins, plaintiff was standing on a grate which covered a window opening to the basement below. As plaintiff stood on the grate, the track of the drill-rig struck a piece of slate causing the grate to collapse and plaintiff to fall thirteen feet into the basement below. Subsequently, plaintiff filed a Summons and Complaint on February 23, 2016, alleging common law negligence as well as a violation of Labor Law §240(1), §241(6) and §200 against defendants The City and Trinity.

Discussion

I.      *Indemnification*

a.   *The City*

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**                                    **Page 2 of 9**
**Motion No.  009 010 011**

2 of 9

Defendant The City seeks indemnification from Defendant/third party plaintiff Trinity. The City contends that pursuant to the services contract between Shake Shack and Trinity, Trinity is contractually required to defend and indemnify The City.

The Court finds that pursuant to the contract between Trinity and Shake Shack, The City is entitled to indemnification from Trinity. Trinity argues it has no duty to indemnify The City as there is an outstanding question as to the City's role in Plaintiff's accident. The Court finds this argument unavailing. The record reflects the City had no supervisory role or any direct involvement in the project site. Therefore, as to the indemnification from Trinity, The City's motion is granted.

### b. Trinity

In its third-party complaint, third-party plaintiff/defendant Trinity seeks indemnification from Hayward and Kings. Hayward argues it has no duty to indemnify Trinity because the contract identifies "Trinity Builders" and the party seeking indemnification has a different entity name "Trinity Building and Construction Management Corp." Moreover, Hayward contends that the NYS Division of Corporation database lists "Trinity Builders" as a separate and unrelated corporate entity from "Trinity Building and Construction Management Corp." The Court finds Hayward has failed to establish it is entitled to dismissal of Trinity's claim for indemnification. The Court finds at a minimum there is a question of fact as to the intended beneficiary of the agreement.

### II. Plaintiff's Claims

Preliminarily, the Court declines to find Plaintiff's Cross Motion untimely. The Court finds the issues plaintiff has raised in its cross motion, arise out of the same issues as defendants' motion and therefore the Court will consider all motions in front of it.

151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK
Motion No.  009 010 011

Page 3 of 9

### A. Labor Law 241(6)

Next, Defendants move for dismissal and plaintiff moves for summary judgment in favor of its Labor Law §241(6) claim.

Labor Law § 241 (6) provides:

"All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith."

While plaintiff's complaint cites to multiple codes it alleges defendants violated, plaintiff's motion for summary judgment relies on Section 23.17 of the NYCRR. Section 23-1.7 states that every hazardous opening into which a person may step or fall shall be guarded by a substantial cover or by a safety railing. Here, the record reflects that the window grating was not a hazardous opening within the meaning of Section 23.17. The window was covered by a grate which plaintiff stood on until it was struck by the drill rig. It is undisputed that the drill rig caused the structure to collapse, and prior to that it was a permanent window opening covered by a metal grate.

Because the Court finds that Section 23.17 does not apply to the facts presented, Plaintiff cannot maintain a cause of action pursuant to Labor Law § 241(6), and dismissal of this claim is warranted.

### B. Labor Law 200

It is well-settled law that an owner or general contractor will not be found liable under common law or Labor Law § 200 where it has no notice of any dangerous condition which may have caused the plaintiff's injuries, nor the ability to control the activity which caused the

151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK
Motion No.  009 010 011

Page 4 of 9

4 of 9

[* 4]

dangerous condition. *See Russin v Picciano & Son*, 54 NY2d 311[1981]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 (1998); *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 (2002). Moreover, "General supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability for common-law negligence and under Labor Law § 200." *Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224, (2004).

Defendants contend they did not control, direct, or supervise the work to such an extent that it is appropriate to impute liability upon them. The Court finds that the record supports defendants' contention that they exercised no direct authority to control or supervise plaintiff's work. Plaintiff submits that Labor Law 200 was violated by Trinity because it controlled the means and method by which Plaintiff and Hayward performed work and because Trinity had notice of the alleged defective condition. However, Plaintiff fails to support these allegations. Therefore, Plaintiff's Labor Law 200 claim is dismissed.

## C. Labor Law 240

Plaintiff's first cause of action seeks damages against Defendant Trinity for violations of Labor law 240. Plaintiff alleges he was injured by defendants' failure to provide projection from elevation related hazards, in violation of 240. Defendants argue plaintiff's accident does not fall within the purview of 240(1) and must be dismissed.

Labor Law 240(1) provides,

All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  009 010 011**

**Page 5 of 9**

5 of 9

No liability pursuant to this subdivision for the failure to provide protection to a person so employed shall be imposed on professional engineers as provided for in article one hundred forty-five of the education law, architects as provided for in article one hundred forty-seven of such law or landscape architects as provided for in article one hundred forty-eight of such law who do not direct or control the work for activities other than planning and design. This exception shall not diminish or extinguish any liability of professional engineers or architects or landscape architects arising under the common law or any other provision of law.

It is well established law that an accident alone does not establish a Labor Law § 240 (1) violation or causation. *Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 N.Y.3d 280 (2003), *Rudnik v Brogor Realty Corp.*, 45 A.D.3d 828, 847, *Forschner v. Jucca Co.*, 63 A.D.3d 996 (2d Dept. 2009). Rather, plaintiff must show that proper protection was not provided, and the violation is a contributing cause of his injury in order to establish liability pursuant to § 240(1). See *Blake* at 287. However, owners, contractors, and their agents will be held strictly liable "when they fail to provide adequate safety equipment and that failure causes a worker's injury in a gravity-related accident." *Tria v Regis High Sch.*, 43 Misc. 3d 1230(A), 993 (N.Y.Sup.Ct. April 14, 2014).

Moreover, "Whether a plaintiff is entitled to recovery under section 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 935 N.Y.S.2d 551 (2011). To make this determination, a court must examine the "type of work the plaintiff was performing at the time of injury" *Joblon v Solow*, 672 N.Y.S.2d 286 (1998). Furthermore, whether the collapse or failure of a structure gives rise to liability under Labor Law 240(1) turns on the risk of injury from an elevation related hazard is foreseeable. See *Vasquez v. Urbalm Associates, Inc.*, 918 NYS2d 1 (1st Dept. 2010).

In the case at bar defendants argue plaintiff's injury was neither the result of an elevation related risk, nor was it foreseeable and thus Labor Law §240(1) does not apply. Defendants further contend Plaintiff was the sole proximate cause of his injury. In opposition, plaintiff

151467/2016  CROTTY, WILLIAM vs. CITY OF NEW YORK
Motion No. 009 010 011

Page 6 of 9

6 of 9

argues the record supports his contentions that Defendant's violated Labor Law 240, and thus the Court should grant summary judgment in his favor.

### *Elevation Related Risk*

The intent of Labor Law 240(1) is to protect workers employed in the acts enumerated by the statute even while performing duties ancillary to those acts. *Prats v. Port Authority of New York and New Jersey*, 100 NY2d 878, 768 NYS2d 178 (2003). As such, New York Courts construe Labor Law 240(1) liberally to accomplish the purpose for which it was framed. *Valensisi v. Greens at Half Hollow, LLC*, 33 AD3d 693, 823 NYS2d 416 (2nd Dept. 2006).

Consistent with this Legislative intent, New York Courts have repeatedly found an elevation related risk exists not merely in circumstances where plaintiff is hoisted above ground level and utilizing a temporary construction device such as scaffolding. For example, in *Godoy v. Baisley Lumber Corporation*, where plaintiff was performing work at a loading dock and fell through one of the loading dock doors twenty feet down, the Court found Labor Law 240(1) applicable. The Court reasoned the harm to which the plaintiff was exposed directly flowed from the application of the force of gravity to the plaintiff. *Godoy v. Baisley Lumber Corporation* 40 AD3d 920, 837 NYS2d 682 (2nd Dept. 2007). In *Restrepo v Yonkers Racing Corp., Inc.,* plaintiff was injured when an access door in the floor of the attic where he was working opened downward, causing him to fall approximately 12 to 13 feet to the floor below. *Restrepo v Yonkers Racing Corp., Inc.,* 105 A.D.3d 540. There, the Court also found an elevation related risk. *Id.*

Here, it is undisputed that plaintiff was standing on the metal grate window that opened to the basement below the ground level. It is also undisputed that plaintiff did not have any safety

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  009 010 011**

**Page 7 of 9**

7 of 9

device provided to him. The Court finds plaintiff's accident involved an elevation related risk within the meaning of Labor Law 240(1).

### *Foreseeability*

While to establish a prima facie case of a violation of Labor Law 240(1) plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable, plaintiff does need to demonstrate that *the risk of some injury from defendants' conduct was foreseeable.*" *Vasquez v Urbahn Assoc. Inc., 79 A.D.3d 493 (2010).* Moreover, a foreseeability requirement must necessarily be imputed as to every claim where the claim is premised on a collapsing permanent structure. *Id.*

Plaintiff contends that as the lateral support of the opening had been removed during the demolition process making it entirely foreseeable that the grating could become dislodged during the work being performed by Hayward. Moreover, plaintiff argues that as the drill rig was in close proximity to the opening in order to drill a hole, the border of the grate was exposed to being struck by the drill rig and, therefore exposed to failing. Therefore, plaintiff argues it was foreseeable that the drill rig would contact the grating and dislodge it and that plaintiff would stand on the grate to guide the drill rig which was part of his duties. Alternatively, defendants argue plaintiff's accident was not foreseeable, as plaintiff was standing on the grate for over seven minutes before he fell, and that the grate itself was structurally sound, and it was not foreseeable that it would be struck by an object causing it to collapse.

The Court finds there is a question of fact as to whether the risk of accident was foreseeable. Therefore, defendants' motions to dismiss and plaintiff's motion for summary judgment as to plaintiff's Labor Law 240(1) claim are denied. It is therefore

**151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK**
**Motion No.  009 010 011**

**Page 8 of 9**

8 of 9

ORDERED that the complaint is dismissed as to Labor Law Sections 241(6) and 200;

and it is further

ORDERED that defendant Trinity Building and Construction Management Corp. shall

indemnify defendant City of New York in this matter; and it is further

ADJUDGED that the motions are otherwise denied.

20240520092002LFRANKCF0327BBDCA94DA68833616C80F9E718

| 5/20/2024 | | LYLE E. FRANK, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151467/2016   CROTTY, WILLIAM vs. CITY OF NEW YORK                    Page 9 of 9
Motion No.  009 010 011

9 of 9

[* 9]