■ Duval R. Cruz, Appellant, v Turner Construction Company, Respondent. [720 NYS2d 10] —Order, Supreme Court, New York County (Edward Lehner, J.), entered April 5, 2000, denying plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff, an electrician employed by non-party Remark Electric, was in the process of installing wiring for a fire alarm during the construction of a new school. He was standing on the fourth rung of a six-foot, six-rung A-frame ladder, pulling wire through piping, so it could be connected to the fire alarm system. A lubricating compound being used to assist in pulling wires through the piping had dripped onto the ladder as well as onto plaintiff and the floor. When plaintiff began to descend the ladder, to notify his co-worker to stop feeding the wire through the piping, he slipped on some lubricant on the third rung. He fell backwards off the ladder and was injured.

Plaintiff sued under Labor Law § 240 (1), and moved for partial summary judgment. The motion court denied plaintiff's motion on the grounds that plaintiff had failed to support the motion with evidence that the ladder was defective and that there were questions of fact as to whether the ladder failed to provide adequate protection and whether the plaintiff should have been provided with additional safety devices.

We disagree. There is no factual dispute as to what occurred, and why. It is uncontradicted that electricians such as plaintiff commonly use a pulling or lubricating compound when pulling wire through piping, and plaintiff here was doing just that in an attempt to connect wire to the fire alarm system. Given the physical composition of this lubricating compound and the physical action of pulling the wire through a pipe, it was to be expected that the oily substance would fall from the wires and coat anything with which it came in contact.

This uncontested showing is a sufficient basis for the imposition of liability under Labor Law § 240 (1), which requires owners, contractors and their agents to furnish the proper safety devices to protect employees in the performance of their work (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559). When the circumstances of a worker's task create a "risk[ ] related to [an] elevation differential[ ]" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514), a basis for the imposition of liability under Labor Law § 240 (1) is established.

Where the furnished protective devices fail to prevent a foreseeable external force from causing a worker to fall from an elevation, that worker is entitled to judgment as a matter of

law under the statute (*see, Spaulding v Metropolitan Life Ins. Co.*, 271 AD2d 316; *Arce v 1133 Bldg. Corp.*, 257 AD2d 515; *Yu Xiu Deng v A.J. Contr. Co.*, 255 AD2d 202; *Guillory v Nautilus Real Estate*, 208 AD2d 336, *appeal dismissed and lv denied* 86 NY2d 881; *see also, Gonzalez v 1251 Ams. Assocs.*, 262 AD2d 210). Nor does the fact that plaintiff was the sole witness to the accident preclude summary judgment on his behalf (*Klein v City of New York*, 222 AD2d 351, *affd* 89 NY2d 833; *Gambino v Crow Constr. Co.*, 238 AD2d 190).

Therefore, even though the ladder itself was not structurally defective, as a matter of law it became defective inasmuch as it was clearly inadequate to protect plaintiff from the foreseeable risk of being caused to fall from it while he was performing his job. Concur—Nardelli, J. P., Tom, Andrias, Wallach and Saxe, JJ.