■ JUAN PEREZ, Respondent, v NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Appellants. [866 NYS2d 61]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 19, 2008, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, with costs.

Defendants' suggestion to the contrary notwithstanding, plaintiff was not required to show that the ladder on which he was standing was defective (*see Montalvo v J. Petrocelli Constr., Inc.,* 8 AD3d 173 [2004]). As we observed in *Orellano v 29 E. 37th St. Realty Corp.* (292 AD2d 289, 291 [2002]), it is "sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*see also Hart v Turner Constr. Co.,* 30 AD3d 213 [2006]; *Peralta v American Tel. & Tel. Co.,* 29 AD3d 493 [2006]).

The testimony of plaintiff's supervisor that he saw plaintiff on the top step of the ladder, shortly before the accident, does not raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. There is no evidence that plaintiff was not using the ladder correctly at the time of his accident, or that such prior misuse contributed in any way to the happening of the accident. The supervisor did not witness the accident and conceded that he did not know why plaintiff fell.

Finally, there were no material inconsistencies between plaintiff's testimony at the General Municipal Law § 50-h hearing and his deposition, with regard to the occurrence of the accident, that would cast doubt on his credibility. Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ. [*See* 20 Misc 3d 1106(A), 2008 NY Slip Op 51251(U).]