[940 NYS2d 636]

Cesar Ortega et al., Appellants, v City of New York et al., Respondents.

First Department, March 29, 2012

APPEARANCES OF COUNSEL

*Borchert, Genovesi, LaSpina & Landicino, P.C.*, Whitestone (*Gregory M. LaSpina* and *Gary E. Rosenberg* of counsel), for appellants.

*Lester Schwab Katz & Dwyer, LLP*, New York City (*Harry Steinberg* of counsel), for respondents.

### OPINION OF THE COURT

ACOSTA, J.

At issue in this case is whether a plaintiff seeking summary judgment on his Labor Law § 240 (1) claim must establish as part of his prima facie case that the injury was foreseeable. We hold that a plaintiff is not required to demonstrate that the injury was foreseeable, except in the context of a collapse of a permanent structure (*see e.g. Jones v 414 Equities LLC*, 57 AD3d 65 [2008]). Outside the permanent structure collapse context, a plaintiff simply needs to show that he or she was injured while engaged in a covered activity, and that the defendant's failure to provide adequate safety devices of the type listed in Labor Law § 240 (1) resulted in a lack of protection. Accordingly, in the present case, there is no need for plaintiff to submit expert testimony on foreseeability or otherwise establish that the accident was foreseeable as part of his prima facie case.

Background

Plaintiff Cesar Ortega, an employee of a subcontractor on the Second Avenue Subway Tunnel Construction Project, was injured while connecting pipes that were to be used to pour concrete underground using the "Tremie Concrete" method. In order to perform this work, plaintiff stood on a work platform located eight feet above the ground and contained within a metal cage known as a tremie rack. This was a rectangular structure, approximately 12 feet high. In addition to housing a work platform, the tremie rack contained vertical slots in which heavy tremie pipes were held. These pipes had a collar at one end and

were kept in place by square shaped holders referred to as "keepers." The rack was resting on unsecured wooden planking that was meant to level the gravel surface below. Plaintiff was ejected from the platform when the collar of a tremie pipe that was being hoisted by a multi-ton rig got caught on the keeper, and caused the tremie rack to tip over onto its side.

Ronald Knott, site safety director employed by defendant Skanska, testified at his deposition that upon his investigation of the accident, he concluded that the accident occurred for several reasons, including the stability of the underside of the tremie rack, the weight distribution of the pipes and the fact that the rack was taller than it was wide. Plaintiffs relied on this testimony in arguing that the tremie rack, which we view as a scaffold, albeit one designed specifically for the task at hand, was not secured to the ground. Specifically, citing *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501 [1993] ["Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*"]), they argued that the tremie rack was "not fixed, welded or bolted in the ground."

In denying plaintiffs' motion for partial summary judgment, Supreme Court found that issues of fact remained, including whether the accident was foreseeable and whether defendant failed to assure proper placement of the tremie rack (2011 NY Slip Op 30740[U] [2011]). The court noted that "foreseeability may be inherent in the work in which a plaintiff may be engaged," and that the failure of the furnished protective device to prevent a foreseeable external force from causing plaintiff to fall from an elevated work station entitled plaintiff to judgment as a matter of law (*id.* at *7). The court, however, found that issues of fact existed due to plaintiffs' failure "to provide the testimony of an expert which would elucidate, among other issues, what standards govern the interplay of drilling rigs and tremie racks, and what measures were foreseeably necessary to ensure the safety of workers performing in the circumstances" (*id.*).

On appeal, plaintiffs argue that they established a violation of Labor Law § 240 (1), as defendant failed to provide plaintiff with proper safety devices and failed to assure that the tremie pipe was properly hoisted so that it would not knock over the tremie rack. With respect to expert testimony, they argued that

such testimony was not needed to establish that the injury was foreseeable because the tremie rack was an elevated, temporary structure, that was not secured to the ground. In response, defendant argues that the order denying plaintiffs' motion for partial summary judgment should be affirmed, inter alia, because plaintiffs did not establish that the manner in which the accident occurred was foreseeable, and failed to identify which safety device was defective or not provided.

Analysis

In reversing, we hold that there is no requirement that plaintiff offer expert testimony on the foreseeability of the accident to prevail on a Labor Law § 240 (1) claim outside the permanent structure context. Indeed, it has been firmly established that in order to make out a valid claim under Labor Law § 240 (1), a "plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from defendants' conduct was foreseeable" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]). In other words, when a worker is performing one of the inherently dangerous activities covered by Labor Law § 240 (1), some injury is foreseeable from the failure of a contractor or owner to provide the worker with proper safety devices (*Gordon*, 82 NY2d at 562). Thus, a plaintiff merely has to demonstrate that he or she was injured when an elevation-related safety device failed to perform its function to support and secure him from injury (*see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]).

A defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009] ["the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential"]). Indeed, the question of circumstantial reasonableness is irrelevant when safety devices are required pursuant to Labor Law § 240 (1), and an owner or contractor is absolutely liable in damages for injuries sustained by a covered worker (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 519 [1985]; *see also Runner*, 13 NY3d at 603; *Perez v NYC Partnership Hous. Dev. Fund Co., Inc.*, 55 AD3d 419, 420 [2008] ["it is sufficient for purposes of liability under section 240 (1) that adequate safety devices to

prevent the (structure) from slipping or protecting plaintiff from falling were absent"] [internal quotation marks omitted]).

Thus, contrary to the IAS court, expert testimony on foreseeability was unnecessary for plaintiffs to prevail on the section 240 (1) claim. To be sure, this Court has created a limited exception with respect to foreseeability where the accident involves the collapse of a permanent structure (*see Jones v 414 Equities LLC*, 57 AD3d 65 [2008] [demolition worker fell when a permanent second story floor collapsed]; *Espinosa v Azure Holdings II, LP*, 58 AD3d 287 [2008] [plaintiff fell when the sidewalk on which he was standing collapsed due to the failure of the cellar vault below it]; *Vasquez v Urbahn Assoc. Inc.*, 79 AD3d 493 [2010] [plaintiff fell when permanent staircase collapsed during demolition of a building]). But, that is not the case here.

Notwithstanding the clear holdings in cases such as *Wilinski*, *Gordon* and *Runner*, defendants in the present case are seeking to expand the limited foreseeability requirement beyond the confines of permanent structures such as those *Jones*, *Espinosa* and *Vasquez* dealt with (*see Vasquez*, 79 AD3d at 498 [where I noted in dissent that by reading a foreseeability requirement into the statute, contractors would be encouraged "to take a head-in-the-sand approach to their statutory obligations," which is exactly what defendants are doing in the present case]).* We thus decline to extend the foreseeability requirement to anything other than permanent structures that are not safety

---

* Although I do not agree with this line of cases because I believe that they graft a foreseeability requirement to the statute where the Legislature and Court of Appeals precedent require none (*see Vasquez*, 79 AD3d at 497-502 [Acosta, J., dissenting]), I am constrained by stare decisis to follow them. Indeed, although members of this Court may occasionally have good faith disagreements about the applicability of a particular precedent or line of precedents (*see e.g. Johnson v New York City Tr. Auth.*, 88 AD3d 321 [2011]; *Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406 [2011]), the members of this Court endeavor to give our precedents full effect whenever we find them to be relevant (*see e.g. Matter of Midland Ins. Co.*, 71 AD3d 221 [2010]). That being said, however, I agree with Brian J. Shoot, in *Labor Law Section 240 (1) and the Problem With Permanence* (NYLJ, Feb. 3, 2012, at 3, col 1) where he posits that a "simpler and more sensible test," is that courts abandon artificial distinctions and

> "instead apply *Runner*'s 'single decisive test' for elevation-relatedness to what is, at bottom, an attempt to distinguish special, construction-related risks from ordinary risks.
>
> "Very simply, was the worker confronted with a 'physically significant elevation differential' that was different than the kind of risk any invitee might encounter long after the job was completed?"

devices by their nature. Indeed, defendants seek to burden plaintiffs with expert testimony showing that the precise nature of the accident was foreseeable as part of his prima facie case even though the tremie rack where the accident occurred was clearly not a permanent structure. This Court, however, will not read such a requirement into the statute. To do so would go directly against the legislative intent (*see e.g. Zimmer*, 65 NY2d at 520 [Court of Appeals has recognized this legislative intent of placing ultimate responsibility for safety on owners and general contractors, rather than workers who "are scarcely in a position to protect themselves from accident"] [citations omitted]; Mem of Senator Calandra and Assemblyman Amann, 1969 NY Legis Ann, at 407 ["(t)he Labor Law was enacted for the *sole* purpose of protecting workmen"] [emphasis added]).

Rather, in the present case, a device precisely of the sort enumerated by the statute was not "placed and operated" as to provide adequate protection to plaintiff (*Runner*, 13 NY3d at 603). The tremie rack, which was taller than it was wide, was not in a fixed position, but rather, rested upon wooden planks atop an uneven, gravel surface. Plaintiffs made out a prima facie case in that they established with evidence in admissible form that plaintiff Cesar Ortega was working at a construction site and was injured as the result of the gravity-related hazard created by the elevation differential of the tremie rack in which plaintiff was working, and that the rack, which should have been secured to the ground, but was not, failed to protect him. Indeed, here, unlike *Wilinski*, where the plaintiff failed to demonstrate that protective devices could have prevented the accident, plaintiffs submitted testimony indicating that the accident could have been prevented had the tremie rack been secured to the ground (*see also Howell v Bethune W. Assoc., LLC*, 33 Misc 3d 1215[A], 2011 NY Slip Op 51939[U] [Sup Ct, NY County 2011]). Accordingly, they were entitled to summary judgment on the Labor Law § 240 (1) claim (*Perez*, 55 AD3d at 420; *Cruz v Turner Constr. Co.*, 279 AD3d 322, 322-323 [2001]). Thus, I agree with Justice Sweeny's concurring opinion that foreseeability is a nonissue in establishing Labor Law § 240 (1) liability in this case. We address it, however, because it was a central issue raised by the parties and it formed a basis for the IAS court's holding. In any event, "it is our responsibility to resolve pure questions of law for the parties and the bar" (*see Phillips v City of New York*, 66 AD3d 170, 190 [2009]). This is particularly true in an area that is developing, such as grafting

a negligence concept like foreseeability into a Labor Law § 240 (1) claim.

In any event, if foreseeability were a required element, plaintiffs have nevertheless demonstrated their entitlement to partial summary judgment as to liability on the Labor Law § 240 (1) claim. It was foreseeable both that the plaintiff could fall off the elevated work platform and that the entire tremie rack could topple over because the tremie rack on which plaintiff was working was a mobile, elevated work platform that, as noted above, was taller than it was wide and rested upon wooden planks atop an uneven, gravel surface.

Accordingly, the order of the Supreme Court, New York County (Michael D. Stallman, J.), entered March 30, 2011, which denied plaintiffs' motion for partial summary judgment under Labor Law § 240 (1), should be reversed, on the law, without costs, and the motion granted.

SWEENY, J. (concurring). Plaintiff Cesar Ortega, an employee of a subcontractor on the Second Avenue Subway Tunnel Construction Project, was injured while he was connecting pipes which were to be used in order to pour concrete underground using the "Tremie Concrete" method. In order to perform this work, plaintiff stood on a work platform located eight feet above the ground and contained within a metal cage, also referred to as a tremie rack.

The tremie rack was a considerable, rectangular structure, with its height greater than its width and was estimated to stand as tall as 12 feet high. In addition to housing a work platform, the tremie rack contained vertical slots in which heavy tremie pipes were held, which pipes had a collar at one end and were kept in place by square shaped holders, also referred to as "keepers." The rack was resting on unsecured wooden planking which was meant to level the gravel surface below, and the tremie pipes, which were estimated to be 10 feet high and weigh 300 pounds each, were all located on one side of the rack.

Plaintiff's accident occurred when, as he was standing on the platform, the collar of a tremie pipe which was being hoisted by a multi-ton rig got caught on a keeper, causing the tremie rack to tip over onto its side and eject plaintiff.

Since the work platform, which functioned as a safety device, failed to protect plaintiff from the foreseeable risk of falling from an elevation, judgment as a matter of law under Labor Law § 240 (1) is warranted (*Gordon v Eastern Ry. Supply*, 82

NY2d 555 [1993]; *Cruz v Turner Constr. Co.*, 279 AD2d 322, 322-323 [2001]). Clearly, expert testimony was not needed to establish that such an injury could occur, given that the tremie rack, inter alia, was taller than it was wide, rested on unsecured planking atop an uneven gravel surface, and was unevenly weighted by the distribution of pipes (*see Kulak v Nationwide Mut. Ins. Co.*, 40 NY2d 140, 148 [1976]; *Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207, 211 [1988]).

Accordingly, I concur in the result reached by the majority. In so doing, there is no need to address the foreseeability issue as the majority does. This is an issue which, in any event, has been the subject of extensive analysis in this Court (*see Vasquez v Urbahn Assoc. Inc.* 79 AD3d 493 [2010]) and does not need further elucidation here.

FREEDMAN and MANZANET-DANIELS, JJ., concur with ACOSTA, J.; ANDRIAS, J.P., and SWEENY, J., concur in a separate opinion by SWEENY J.

Order, Supreme Court, New York County, entered March 30, 2011, reversed, on the law, without costs, and the motion for partial summary judgment under Labor Law § 240 (1) granted.