Viruet v Purvis Holdings LLC (2021 NY Slip Op 05840)





Viruet v Purvis Holdings LLC


2021 NY Slip Op 05840


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 23737/16 Appeal No. 14489 Case No. 2020-04208 

[*1]Anthony Viruet, Plaintiff-Appellant,
v
Purvis Holdings LLC et al., Defendants-Respondents, Purves Development LLC et al., Defendants.


Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant.
Burke, Conway & Stiefeld, White Plains (Anthony F. DeStefano of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered on or about October 14, 2020, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240(1) and 241(6) claims as against defendants Purvis Holdings LLC and HSD Construction LLC and on his Labor Law § 200 and common-law negligence claims as against HSD, unanimously modified, on the law, to grant plaintiff summary judgment on the issue of liability on his Labor Law § 240(1) claim, and certain Labor Law § 241(6) claims as against defendants Purvis Holdings LLC and HSD Construction LLC, and otherwise affirmed, without costs.
Plaintiff was injured in two separate accidents occurring on two separate days (i.e. January 6 and January 8, 2015) at a job site. He established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) claim against Purvis, the property owner, and HSD, its general contractor, for his January 6, 2015 accident through his testimony that he had been instructed to clean up debris directly underneath a form used for concrete, and that the form came off the wall and fell on top of him from a height of three to five feet (see Runner v New York Stock Exchange, 13 NY3d 599, 604 [2009]; Diaz v Raveh Realty, LLC, 182 AD3d 515, 515-16 [1st Dept 2020]). Plaintiff's inability to explain precisely what caused the form to fall on him does not preclude Labor Law § 240(1) liability (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]). Plaintiff demonstrated that he was injured when the steel and plywood form fell on him because an elevation-related safety device failed, or no device was placed and operated so as to provide him with adequate protection (Ortega v City of New York, 95 AD3d 125, 128 [1st Dept 2012]).
Contrary to the motion court's ruling, plaintiff was not required to supply an expert affidavit (see Ortega v City of New York, 95 AD3d at 128).
In opposition, defendants failed to make a showing that they did not violate Labor Law § 240(1). Even assuming that there were pins attaching the form to the wall, the statute was violated because the accident that the pins were intended to prevent still occurred and injured plaintiff (see Harris v 170 E. End Ave., LLC, 71 AD3d 408, 409-410 [1st Dept 2010], lv dismissed 15 NY3d 911 [2010]; Boyle v 42nd St. Dev. Project, 38 AD3d 404, 408 [1st Dept 2007]).
With respect to the January 8, 2015 incident, the motion court erred in finding that there are triable issues of fact as to the applicability of New York State Industrial Code § 23-1.5(c)(3), which requires that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged," and § 23-9.2(a), which requires that "[a]ll power-operated equipment shall be maintained and in good repair and in proper operating condition at all times." Plaintiff was directed to use a visibly defective [*2]grinder that had no blade, safety guard or side handle. There was also no cut-off switch. While he was using the grinder, it spontaneously cut off and then turned back on, without plaintiff engaging the power switch. When plaintiff complained, he was instructed to proceed with the defective grinder or go home.
Regardless of whether plaintiff's foreman insertion of an improper size blade into the grinder played some role in the accident, plaintiff's accident would not have occurred if defendants had removed the grinder from use because it was either not in good condition or not working properly. Defendants raise no issue of fact disputing that the grinder was defective even before the blade was inserted. Furthermore, the "upon discovery" language in § 23-1-5(c)(3) placed an affirmative duty on defendant to conduct all necessary inspections to ensure compliance with safety regulations and remove the grinder from the worksite (see Becerra v Promenade Apts. Inc., 126 AD3d 557, 558 [1st Dept 2015]).
In light of our determination on the Labor Law § 240(1) claim, defendants' arguments regarding the claim for negligence and the claims under Labor Law §§ 200 and 241(6) are academic as to the January 6th incident (see Cronin v New York City Tr.
Auth., 143 AD3d 419, 420 [1st Dept 2016]). Similarly, in light of defendants' Labor Law § 241(6) liability as to the January 8th incident, the Labor Law § 200 and common law claims are rendered academic as to that incident as well. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021