Wolfanger v Once Again Nut Butter Collective Inc. (2024 NY Slip Op 01452)

Wolfanger v Once Again Nut Butter Collective Inc.

2024 NY Slip Op 01452

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

895 CA 23-00349

[*1]LANCE WOLFANGER, PLAINTIFF-APPELLANT,
v
ONCE AGAIN NUT BUTTER COLLECTIVE INC., AND DIMARCO CONSTRUCTORS LLC, DEFENDANTS-RESPONDENTS. 

CELLINO LAW, LLP, ROCHESTER (ROBERT L. VOLTZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TREVETT CRISTO, ROCHESTER (ALAN J. DEPETERS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered May 18, 2022. The order and judgment, insofar as appealed from, granted in part defendants' motion for summary judgment and denied plaintiff's motion insofar as it sought summary judgment on liability on the third and fourth causes of action. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, defendants' motion is denied in its entirety, the third and fourth causes of action are reinstated, and plaintiff's motion is granted insofar as it seeks summary judgment on the issue of liability on the third and fourth causes of action.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while working on the construction of a warehouse owned by defendant Once Again Nut Butter Collective Inc. (OANB). Defendant DiMarco Constructors LLC (DiMarco), the general contractor on the project, subcontracted certain painting work to plaintiff's employer. Plaintiff alleged that, while spray-painting at a high elevation in the interior of the building, he experienced dizziness and fell from a boom lift that was exhausting noxious diesel fumes. Plaintiff alleged, among other things, that defendants failed to ensure that the boom lift was properly constructed, placed, or operated as to give proper protection to him. Defendants moved for summary judgment dismissing the complaint, and plaintiff moved for summary judgment on the issue of defendants' liability. As limited by his brief, plaintiff appeals from an order and judgment insofar as it granted that part of defendants' motion with respect to plaintiff's third and fourth causes of action, against OANB and DiMarco, respectively, for violation of Labor Law § 240 (1), and denied that part of plaintiff's motion with respect to those causes of action. In reaching its decision, Supreme Court concluded that "[p]laintiff's injuries were not caused by an elevation-related risk." The court also concluded that defendants provided plaintiff with necessary safety devices and that any fumes exhausted by the boom lift were an incidental consequence of its physical placement.
We agree with plaintiff that the court erred in denying that part of his motion and granting that part of defendants' motion with respect to the Labor Law § 240 (1) causes of action. "Pursuant to Labor Law § 240 (1), owners and contractors engaged 'in the erection, . . . repairing, . . . [or] painting . . . of a building or structure,' . . . must 'furnish or erect . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person' employed in the performance of such labor" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96 [2015], rearg denied 25 NY3d 1195 [2015]). The purpose of that provision is to protect workers by placing the "ultimate responsibility" for worksite safety on the owner and general contractor, instead of the workers themselves (Gordon v Eastern Ry. Supply, 82 NY2d 555, 559 [1993] [internal quotation marks omitted]). "The statute is to be interpreted liberally to accomplish its [*2]purpose" (Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 977 [2003]).
A plaintiff demonstrates entitlement to summary judgment under Labor Law § 240 (1) "by establishing that he or she was subject to an elevation-related risk, and [that] the failure to provide any safety devices to protect the worker from such a risk [was] a proximate cause of his or her injuries" (Wolfe v Wayne-Dalton Corp., 133 AD3d 1281, 1283 [4th Dept 2015] [internal quotation marks omitted]). " 'To establish a prima facie case, plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he [or she] demonstrate that the risk of some injury from defendants' conduct was foreseeable' " (Burns v Marcellus Lanes, Inc., 169 AD3d 1457, 1458 [4th Dept 2019], quoting Gordon, 82 NY2d at 562).
Here, although plaintiff could not recall the incident, it is undisputed that plaintiff fell from the lift while it was raised six to eight feet in the air. In support of his motion, plaintiff submitted evidence establishing that his injuries were causally related to the fall from the lift and that plaintiff was using a boom lift that discharged fumes into the factory. Plaintiff also submitted the affidavit of an expert who opined that defendants violated Labor Law § 240 (1) by failing to ensure that the boom lift was " 'so constructed, placed and operated as to give proper protection' " to plaintiff and by allowing plaintiff to place the boom lift in a position where diesel fumes were likely to accumulate above him and cause dizziness. We conclude that plaintiff thus met his prima facie burden on his motion by establishing that his fall was a "normal and foreseeable" consequence of the placement of the lift, which exhausted noxious fumes too close to plaintiff (Gordon, 82 NY2d at 562; see Cruz v Turner Constr. Co., 279 AD2d 322, 322 [1st Dept 2001]; see generally Villeneuve v State of New York, 274 AD2d 958, 958 [4th Dept 2000]).
In response, defendants failed to raise a triable issue of fact whether the hazard of fumes is "of such an extraordinary nature or so attenuated from the statutory violation as to constitute a superseding cause sufficient to relieve [them] of liability" (Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016] [internal quotation marks omitted]; see Lajqi v New York City Tr. Auth., 23 AD3d 159, 159 [1st Dept 2005]). Defendants also failed to raise an issue of fact whether plaintiff deliberately unclipped his safety harness, and we note that the issue presents, at best, a question of comparative negligence, which is not a defense to liability under Labor Law § 240 (1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]; Vicki v City of Niagara Falls, 215 AD3d 1285, 1288 [4th Dept 2023]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court