| **Rivera v 31 W. 27th St. Prop. Invs. IV, LLC** |
|:---:|
| 2024 NY Slip Op 31530(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159581/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: HON. PAUL A. GOETZ | PART 47 |
| *Justice* | |

------------------------------------------------------------------X

MILTON RIVERA,

                              Plaintiff,

              - v -

31 WEST 27TH STREET PROPERTY INVESTORS IV, LLC,

                              Defendants.

------------------------------------------------------------------X

31 WEST 27TH STREET PROPERTY INVESTORS IV, LLC

                              Plaintiff,

              -against-

VANQUISH GROUP INC., NYC BUILDING SERVICES, INC.

                              Defendants.

------------------------------------------------------------------X

31 WEST 27TH STREET PROPERTY INVESTORS IV, LLC

                              Plaintiff,

              -against-

VANQUISH CONTRACTING CORP

                              Defendant.

------------------------------------------------------------------X

**INDEX NO.** 159581/2019

**MOTION DATE** 07/10/2023, 07/10/2023

**MOTION SEQ. NO.** 005 005

## DECISION + ORDER ON MOTION

Third-Party
Index No. 596028/2020

Second Third-Party
Index No. 595374/2023

The following e-filed documents, listed by NYSCEF document number (Motion 005) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213

were read on this motion to/for             CONSOLIDATE/JOIN FOR TRIAL     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 199, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213

were read on this motion to/for             JUDGMENT - SUMMARY     .

[* 1]

In this labor law personal injury action, plaintiff moves to consolidate this action with a related case, *Rivera v Vanquish Group Inc. et al* (Index No 155985/2022), and for summary judgment on his Labor Law §§ 240(1) and 241(6) claims as against 31 West 27th Street Property Investors (31 West) and Vanquish Group Inc. (Vanquish Group) based on their alleged failure to provide him with proper safety devices to perform his work.

## MOTION TO CONSOLIDATE

Plaintiff filed suit against defendant 31 West on October 2, 2019, seeking to recover for injuries he sustained while performing construction work on its property located at 31 West 27th Street, New York, NY 10001 (the project) (Action #1, Index No 159581/2019, NYSCEF Doc No 1). On December 10, 2020, 31 West filed a third-party complaint against the project's general contractor, Vanquish Group, and subcontractor, NYC Building Services Inc. (Building Services), claiming that third-party defendants had agreed to indemnify 31 West against any claims arising from the project (NYSCEF Doc No 35). Upon realizing that plaintiff was employed by Building Services (NYSCEF Doc No 151, ¶ 9) as opposed to Vanquish Contracting Corp. (Vanquish Contracting), an associated entity which may have supplied the ladder at issue in this action, plaintiff commenced a separate action against Vanquish Group and Vanquish Contracting based on the same incident that formed the basis of his suit against 31 West (Action #2, Index No 155985/2022, NYSCEF Doc No 1). 31 West later filed a second third-party complaint in Action #1, this time against Vanquish Contracting (NYSCEF Doc No 97).

Plaintiff now moves for an order, pursuant to CPLR § 602, consolidating the two separate actions on the grounds that they involve the same facts, parties, and issues of law (NYSCEF Doc No 152). The motion to consolidate is unopposed by defendant and third-party defendants (NYSCEF Doc Nos 201, 209, 210).

[* 2]

CPLR § 602 provides that "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, . . . may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Since the two actions involve the same questions of law and facts relating to plaintiff's work-related injury, the unopposed motion to consolidate will be granted in order to save time, costs, and resources of both the parties and the court.

## MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

Plaintiff testified that he began working on the project two months prior to his accident, performing typical demolition functions (NYSCEF Doc No 168, 65:7-11, 70:2-14). In the few nights preceding the accident, he worked on the third floor, cutting cables that were hanging from the 11-foot high ceiling (NYSCEF Doc No 116, 17:17-18:12, 28:23-29:11). In order to reach the cables, plaintiff used one of three eight-foot A-frame ladders made available to him (*id.*, 19:22-24). Each time, he would position the ladder below the cables, lock it, climb six steps up, cut the cables with scissors, descend the ladder, and repeat as needed (*id.*, 30:5-32:7).

On September 6, 2019, plaintiff arrived at the third floor of the work site at 4:30 p.m. and, as instructed by his foreman, Mike, began cutting wires (*id.*, 24:12-25, 25:18-26:12). Plaintiff testified that the ladder he was using that evening was defective in that the back feet were broken and the bottom of the ladder was damaged, preventing the ladder from standing flush on the floor (*id.*, 33:7-35:7). Plaintiff further testified that he raised this concern to Mike, who responded that there were no other ladders available, but that new equipment would arrive soon, and advised plaintiff to be careful in the meantime (*id.*).

Immediately before his accident, plaintiff positioned the ladder under some cables that needed to be cut (*id.*, 39:23-40:12). After clearing away some garbage and metal on the floor in that area, he opened the ladder, locked it, and climbed up as usual (*id.*). Once on the sixth step, plaintiff picked up his scissors and raised his hands to reach towards a cable (*id.*, 40:12-14). When he did this, the ladder moved beneath him, and he lost his balance and fell, along with the ladder (*id.*, 40:14-17). Plaintiff testified that he fell on his back and neck, making contact with a demolished bathroom wall partition that had pieces of metal jutting out of it (*id.*, 40:18-25). Plaintiff also claims injuries to his knee, head, wrist, and shoulders (*id.*, 41:2-3).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be

examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Labor Law § 241(6)

Labor Law § 241(6) imposes an obligation on owners and contractors that "[a]ll areas in which [] demolition work is being performed shall be so [equipped] as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." Notably, the obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-49 [1998] ["section 241 (6) imposes liability upon a general contractor *for the negligence of a subcontractor*, even in the absence of control or supervision of the worksite"] [emphasis in original]). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]).

Plaintiff's Labor Law § 241(6) claim is based on Industrial Code § 23-1.21(b)(3), which provides that "[a] ladder shall not be used . . . (i) If it has a broken member or part[;] (ii) If it has any insecure joints between members or parts[;] (iv) If it has any flaw or defect of material that may cause ladder failure." He alleges 31 West, as the owner of the premises, and Vanquish Group, as the general contractor, violated Industrial Code § 23-1.21(b)(3) by providing him with

a ladder that was broken, unsecured, and defective. He described the poor condition the ladder was in prior to his accident (NYSCEF Doc No 179, 33:24-35:11 ["The ladder was broken on the bottom part, where the feet are"]). Consequently, plaintiff has met his prima facie burden of establishing that the ladder failed to provide him with "reasonable and adequate protection and safety" under Labor Law § 241(6).

Defendant 31 West cites the deposition testimony of Vanquish Group owner Carlo Bardone[1], who indicated that the ladder was in good working order and that no complaints had been made about its condition prior to plaintiff's accident (NYSCEF Doc No 173 ["I physically climbed up and down [and] worked on the ladder . . . There was nothing wrong with the ladder."]). Therefore, 31 West sufficiently raised an issue of fact as to whether the ladder was in good working order prior to plaintiff's accident and summary judgment must be denied (*Majstorovic v Best Mkt.*, 215 AD3d 560, 560-61 [1st Dept 2023]). Accordingly, the portion of plaintiff's motion seeking summary judgment on his Labor Law § 241(6) claim will be denied.

Labor Law § 240(1)

Labor Law § 240 (1), also known as New York's "Scaffold Law," provides, in relevant part:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240 (1) "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site

---

[1] This deposition testimony was submitted on plaintiff's moving brief.

[* 6]

proximately causes injury to a worker" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011] [internal quotation marks and citation omitted]). To prevail on a Labor Law § 240 (1) cause of action, the plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his or her injuries (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]). "[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

The legislative intent behind the statute is to place "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985], *rearg denied* 65 NY2d 1054 [1985] [internal quotation marks and citations omitted]). Therefore, the statute should be liberally construed to achieve the purpose for which it was framed (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]).

In terms of ladders specifically, Labor Law § 240(1) requires that ladders and other safety devices be "so constructed, placed and operated as to give proper protection" to a worker (Labor Law § 240(1); *see also Klein v City of New York*, 89 NY2d 833, 833-34 [1996]; *Lipari v AT Spring, LLC*, 92 AD3d 502, 503-04 [1st Dept 2012]). The "failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*Plywacz v 85 Broad St. LLC*, 159 AD3d 543, 544 [1st Dept 2018] [internal quotation marks and citation omitted]). "It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling

were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]). The plaintiff is not required to show that the ladder was defective (*Perez v NYC Partnership Hous. Dev. Fund Co., Inc.*, 55 AD3d 419, 420 [1st Dept 2008]).

Here, plaintiff has made a prima facie showing that the ladder was inadequate to protect him from falling. His work required him to climb up six steps and release his grip on the ladder in order to cut the cables; when he did so and lost his balance, there was nothing to steady him or otherwise prevent his fall. Defendants argue that plaintiff's motion is premature because discovery pertaining to defendants' defense against liability under Labor Law § 240(1) remains outstanding. In particular, 31 West argues that it lacks information as to "potential factual witnesses, notice of a dangerous condition [and] the age, condition and maintenance of the ladders used by the plaintiff and his coworkers at the jobsite" (NYSCEF Doc No 201). However, as explained *supra*, plaintiff did not need to demonstrate that the ladder was defective in order to prevail on his Labor Law § 240(1) claim; plaintiff only needed to establish that the ladder provided inadequate protection, and he has done so. Thus, any issue of fact as to the condition of the ladder is not material to this cause of action (*Paul v Village of Quogue*, 178 AD3d 942 [2nd Dept 2019] ["A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to . . . <u>facts essential to oppose the motion</u>" [internal quotations omitted, emphasis added]). Accordingly, the portion of plaintiff's motion seeking summary judgment on his Labor Law § 240(1) claim will be granted.

## CONCLUSION

Based on the foregoing, it is

[* 8]

ORDERED that the unopposed motion to consolidate the above-captioned action with *Milton Rivera v Vanquish Group Inc. et al*, Index No. 155985/2022, pending in this court is granted; and it is further

ORDERED that the consolidation shall take place under Index No. 159581/2019 and the consolidated action shall bear the following caption:

MILTON RIVERA,

                              Plaintiff,

             -against-

31 WEST 27TH STREET PROPERTY INVESTORS IV, LLC,
VANQUISH GROUP INC. and VANQUISH CONTRACTING CORP.,

                              Defendants.

-----------------------------------------------------------------------------X

31 WEST 27TH STREET PROPERTY INVESTORS IV, LLC,

                              Third-Party Plaintiff,

             -against-

VANQUISH GROUP INC. and NYC BUILDING SERVICES, INC.,

                              Third-Party Defendants.

-----------------------------------------------------------------------------X

31 WEST 27TH STREET PROPERTY INVESTORS IV, LLC

                              Second Third-Party Plaintiff,

             -against-


VANQUISH CONTRACTING CORP.

                              Second Third-Party Defendant.

-----------------------------------------------------------------------------X

And it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that counsel for the movant shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

ORDERED that service of this order upon the Clerk of the Court shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated in the consolidated case file under the index number of the consolidated action in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in hard-copy format if this action is a hard-copy matter or, if it is an e-filed case, shall be made in accordance with the procedures set forth in the aforesaid *Protocol*; and it is further

ORDERED that, upon consolidation, the portion of plaintiff's motion seeking summary judgment on his Labor Law § 241(6) claim is denied; and it is further

ORDERED that, upon consolidation, the portion of plaintiff's motion seeking summary judgment on his Labor Law § 240(1) claim is granted.

20240430140732PG0ETZ1Z90F2B538C734EFD9377FF31012ABCC4

| __4/30/2024__ | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |